UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT WOODS,

                      Plaintiff,

-against-

WESTCHESTER COUNTY, et al.,

                      Defendants.

7:23-CV-10884 (PMH)

**ORDER OF SERVICE**

PHILIP M. HALPERN, United States District Judge:

      Robert Woods ("Plaintiff"), who is currently held in the Hudson County Correctional Facility, in Kearny, New Jersey, invokes the court's federal-question and diversity jurisdictions, and he asserts that the defendants violated his federal constitutional rights. Plaintiff's claims arise from events that Plaintiff alleges occurred while he was held as a pretrial detainee in the Westchester County Jail ("WCJ"). He names as defendants: (1) the County of Westchester; and (2) WCJ Correction Officer Williams. The Court construes Plaintiff's amended complaint as asserting claims of constitutional violations under 42 U.S.C. § 1983, as well as claims under state law.[1]

      By order dated January 23, 2024, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[2] The Court: (1) directs service on the defendants by the United States Marshals Service; and (2) directs the defendants to comply with Local Civil Rule 33.2 within 120 days of service.

---

[1] Plaintiff's amended complaint is the operative pleading for this action. (Doc. 7).

[2] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

## DISCUSSION

**A.     Service on Defendants**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on assistance from the Court and the United States Marshals Service to effect service.[3] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the United States Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on the defendants through the United States Marshals Service, the Clerk of Court is instructed to fill out a United States Marshals Service Process Receipt and Return form ("USM-285 form") for each defendant. The Clerk of Court is further instructed to issue a summons for each defendant and deliver to the United States Marshals Service all of the paperwork necessary for the Marshals Service to effect service of a summons and the amended complaint upon each defendant.

If a summons and the amended complaint are not served on each defendant within 90 days after the date that the summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss this action if he fails to do so.

---

[3] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served a summons and the amended complaint on each of the defendants until the Court reviewed the amended complaint and ordered that summonses for the defendants be issued. The Court therefore extends the time to serve the defendants until 90 days after the date that summonses for the defendants are issued.

**B.     Local Civil Rule 33.2**

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of the date of service, the defendants must serve responses to those standard discovery requests. In their responses, the defendants must quote each request verbatim.[4]

## CONCLUSION

The Court directs the Clerk of Court to mail an information package to Plaintiff. The Court also directs the Clerk of Court to issue summonses for the defendants; complete USM-285 forms with the service addresses of the defendants; and deliver all documents necessary to effect service of the summonses and the amended complaint (Doc. 7) on the defendants to the United States Marshals Service. The Court further directs the defendants to comply with Local Civil Rule 33.2 within 120 days of service.

**SO ORDERED.**

Dated:   White Plains, New York
         April 18, 2024

_____
PHILIP M. HALPERN
United States District Judge

---

[4] If Plaintiff would like copies of those discovery requests before receiving those responses and does not have access to the website, Plaintiff may request them from the court's Pro Se Intake Unit.

**DEFENDANTS AND SERVICE ADDRESSES**

1. The County of Westchester
    County Attorney
    Law Department
    148 Martine Avenue, 6th Floor
    White Plains, New York 10601

2. Correction Officer Williams
    Shield No. 1052
    Westchester County Jail
    10 Woods Road
    Valhalla, New York 10595