UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT WOODS,

                            Plaintiff,

-against-

WESTCHESTER COUNTY, et al.,

                            Defendants.

**OPINION & ORDER**

23-CV-10884 (PMH)

PHILIP M. HALPERN, United States District Judge:

Robert Woods ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, commenced this action in December 2023, pressing claims for violations of his Eighth and Fourteenth Amendment rights, municipal liability under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), and state-law torts. (Doc. 1). By Order dated February 29, 2024, Chief Judge Laura Taylor Swain dismissed Plaintiff's action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) but granted him leave to amend his complaint to address the deficiencies in the original pleading. (Doc. 6, "Prior Order").[1] Plaintiff filed an amended complaint on March 15, 2024, naming Westchester County and C.O. Williams, individually and in his official capacity, as defendants ("Defendants") and pressing the same claims for relief. (Doc. 7, "Am. Compl."). The action was then reassigned to this Court on April 18, 2024.

Defendants filed a motion to dismiss under Rule 12(b)(6) on September 9, 2024. (Doc. 18; Doc. 19; Doc. 22, "Def. Br."). Plaintiff filed an opposition on November 18, 2024 (Doc. 30, "Pl. Br."),[2]

---

[1] This decision is available on commercial databases. *Woods v. Westchester Cnty. D.O.C.*, No. 23-CV-10884, 2024 WL 870308 (S.D.N.Y. Feb. 29, 2024).

[2] Given the liberality afforded *pro se* litigants, it is appropriate to consider new allegations in a *pro se*

and Defendants filed their reply papers on December 2, 2024 (Doc. 31).

For the reasons set forth below, the motion to dismiss is GRANTED.

## BACKGROUND

Plaintiff was held as a pre-trial detainee in the Westchester County Jail ("WCJ"), where he was assigned the job of "delivering food trays." (Am. Compl. at 5).³ Plaintiff, in connection with this job, in September 2022, was "attempt[ing] to walk through the Sally port door" when Defendant Williams "stopped the door from fully opening mid-way through and started to close" it. (*Id.*). The door then "smashed [Plaintiff's] hands." (*Id.*). Plaintiff alleges that Defendant Williams "[i]ntentionally" closed the door on his hands. (*Id.* at 7). His hands were "held between the door for approximately 5 seconds before [Defendant] Williams opened the door." (*Id.* at 5). As a result of this incident, WCJ staff sent Plaintiff to Westchester Medical Center to treat a "hand contusion." (*Id.* at 6).

Plaintiff alleges that he "wasn't able to work out or play sports for 4 [m]onths [a]fter the incident." (*Id.* at 7). Plaintiff also continued to receive physical therapy up to the date that he commenced this action. (*Id.*).

## STANDARD OF REVIEW

On a Rule 12(b)(6) motion, a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a

---

plaintiff's opposition to a motion to dismiss where they are consistent with the allegations contained in the pleading. *Vail v. City of New York*, 68 F. Supp. 3d 412, 427 (S.D.N.Y. 2014) ("Where new allegations in a pro se plaintiff's opposition memoranda 'are consistent with the allegations contained' in the Amended Complaint, they may be read 'as supplements to th[e] pleadings[.]'" (quoting *Boyer v. Channel 13, Inc.*, No. 04-CV-02137, 2005 WL 2249782, at *6 (S.D.N.Y. Mar. 9, 2005))). Accordingly, the Court considers on this motion the additional allegations relevant to this motion in Plaintiff's opposition. However, the Court will not, at this juncture, consider the medical records attached to Plaintiff's opposition brief (Doc. 30-1) as none are referenced, integral, and/or attached to the Amended Complaint.

³ Citations to specific pages of filings on the docket correspond to the pagination generated by ECF.

2

complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).[4] A claim is plausible on its face "when the ple[d] factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Id.* The factual allegations pled "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"When there are well-ple[d] factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. Thus, the court must "take all well-ple[d] factual allegations as true, and all reasonable inferences are drawn and viewed in a light most favorable to the plaintiff[]." *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996). The presumption of truth, however, "'is inapplicable to legal conclusions,' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678 (alteration in original)). Therefore, a plaintiff must provide "more than labels and conclusions" to show entitlement to relief. *Twombly*, 550 U.S. at 555.

A complaint submitted by a *pro se* plaintiff, "however inartfully ple[d], must be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (internal quotation marks omitted)). Because *pro se* plaintiffs "'are often unfamiliar with the formalities of pleading

---

[4] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

3

requirements,' courts must apply a more flexible standard in determining the sufficiency of a *pro se* [complaint] than they would in reviewing a pleading submitted by counsel.'" *Smith v. U.S. Dep't of Just.*, 218 F. Supp. 2d 357 (W.D.N.Y. 2002) (quoting *Platsky v. Cent. Intelligence Agency*, 953 F.2d 26, 28 (2d Cir. 1991)). While "[p]*ro se* complaints are held to less stringent standards than those drafted by lawyers, even following *Twombly* and *Iqbal* . . . dismissal of a *pro se* complaint is nevertheless appropriate where a plaintiff has clearly failed to meet minimum pleading requirements." *Thomas v. Westchester Cnty.*, No. 12-CV-06718, 2013 WL 3357171, at *2 (S.D.N.Y. July 3, 2013) (internal citations omitted); *see also Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) ("Even in a *pro se* case . . . although a court must accept as true all of the allegations . . . in a complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." (internal quotation marks omitted)).

Therefore, while the Court must "draw the most favorable inferences that [a plaintiff's] complaint supports, [it] cannot invent factual allegations that [a plaintiff] has not pled." *Chappius*, 618 F.3d at 170. The Court also has a duty to interpret "the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'" *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

## ANALYSIS

Liberally construed, Plaintiff presses the following claims for relief in the Amended Complaint: (i) unconstitutional conditions of confinement against Defendant Williams; (ii) excessive force against Defendant Williams; (iii) *Monell* liability against Defendant Westchester County; (iv) common-law assault against Defendant Williams; (v) common-law battery against Defendant Williams; and (vi) common-law negligence against Defendant Williams. (*See generally* Am. Compl.).

Plaintiff presses his federal claims under 42 U.S.C. § 1983. That law provides, in pertinent part, that "[e]very person who, under color of any statute . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ." 42 U.S.C. § 1983. "[T]his language does not create substantive rights; rather, it creates a mechanism by which individuals can vindicate the violation of rights secured elsewhere." *Linares v. Annucci*, No. 19-CV-11120, 2021 WL 2689736, at *6 (S.D.N.Y. June 30, 2021) (quoting *Santucci v. Levine*, No. 17-CV-10204, 2021 WL 76337, at *3 (S.D.N.Y. Jan. 8, 2021) (alteration in original)).

I. First and Second Claims for Relief: Conditions of Confinement and Excessive Force

Plaintiff states that he "was a pretrial detainee" during the alleged constitutional violations. (Am. Compl. at 5). As such, Plaintiff's Section 1983 claims are properly analyzed under the Fourteenth Amendment. *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017); *Edrei v. Maguire*, 892 F.3d 525, 533 (2d Cir. 2018).

    A. Conditions of Confinement

To establish an unconstitutional conditions of confinement claim, "a plaintiff must satisfy two elements: (1) that the plaintiff suffered a constitutional deprivation that was 'objectively, sufficiently serious,' and (2) that the defendant acted with a 'sufficiently culpable state of mind.'" *Tutora v. Aramark Corr. Servs.*, No. 17-CV-09170, 2022 WL 2237567, at *8 (S.D.N.Y. June 22, 2022) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)) The first prong of this test is objective and requires the plaintiff to show that his conditions of confinement "pos[ed] an unreasonable risk of serious damage" to his safety. *Darnell*, 849 F.3d at 30.

The second prong "is applied somewhat differently to claims under the Eighth Amendment than the Fourteenth Amendment." *Maldonado v. Town of Greenburgh*, 460 F. Supp. 3d 382, 395 (S.D.N.Y. 2020). Under the Fourteenth Amendment, the plaintiff must demonstrate that prison

5

officials "acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Darnell*, 849 F.3d at 35.

Chief Judge Swain previously found that Plaintiff failed allege sufficient facts to meet the subjective element. (Prior Order at 7). Plaintiff fails to cure this pleading defect in the Amended Complaint. Plaintiff alleges that Defendant Williams "stopped the door from fully opening midway through and started to close" it as Plaintiff approached. (Am. Compl. at 5). But this does not provide the Court with a sufficient basis to plausibly infer that Defendant Williams acted intentionally or recklessly. *See Herbert v. Smith*, No. 20-CV-06348, 2021 WL 3292263, at *6 (S.D.N.Y. Aug. 2, 2021) (dismissing plaintiff's conditions-of-confinement claim where the plaintiff failed to plead facts to allow the court to plausibly infer that the defendants "exposed him to this substantial risk of serious harm either intentionally or recklessly"). Nor does Plaintiff's conclusory allegation that Defendant Williams, in his individual capacity, acted "[i]ntentionally" (Am. Compl. at 7) satisfy the subjective prong.

Accordingly, Plaintiff's conditions-of-confinement claim is dismissed.

B. Excessive Force

"To plead an excessive force claim under the Fourteenth Amendment, a plaintiff must allege that force was applied 'purposefully, knowingly, or (perhaps) recklessly.'" *Harding v. Gould*, No. 22-CV-06285, 2024 WL 3742688, at *5 (S.D.N.Y. Aug. 9, 2024) (quoting *Edrei*, 892 F.3d at 534). "A pretrial detainee must then show that 'the force purposely or knowingly used against him was objectively unreasonable.'" *Taylor v. Quayyum*, No. 16-CV-01143, 2023 WL 5293383, at *7 (S.D.N.Y. Aug. 17, 2023) (citing *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015))). Courts consider six non-exhaustive factors in weighing objective reasonableness: "[i]

6

proportionality or, as the [Supreme] Court described it, 'the relationship between the need for the use of force and the amount of force used[;]' . . . '[ii] the extent of the plaintiff's injury; [iii] any effort made by the officer to temper or to limit the amount of force; [iv] the severity of the security problem at issue; [v] the threat reasonably perceived by the officer; and [vi] whether the plaintiff was actively resisting.'" *Edrei*, 892 F.3d at 534.

Chief Judge Swain, in the Prior Order, held that Plaintiff failed to "allege any facts showing that Williams" acted objectively unreasonable. (Prior Order at 9). Plaintiff also fails to cure this pleading defect in the Amended Complaint. In particular, Plaintiff fails to allege facts that show that Defendant Williams used a disproportionate amount of force to close the port door. *Cf. Johnson v. City of New York*, No. 18-CV-05623, 2020 WL 3100197, at *4 (S.D.N.Y. June 11, 2020) ("[H]andcuffing necessarily involves some degree of force, and the amount of force used by Defendants while handcuffing Plaintiff was not disproportionate to the need."). In any event, as noted *supra*, the allegations asserted in the Amended Complaint fail to show that Defendant Williams acted "purposefully, knowingly, or [] recklessly." *Edrei*, 892 F.3d at 534.

Accordingly, Plaintiff's excessive-force claim is dismissed.

II. Third Claim for Relief: *Monell* Liability

Plaintiff's third claim for relief is brought under *Monell*. Under *Monell* and its progeny, a municipality may be held liable where a plaintiff's constitutional rights are violated because of a municipal policy or custom. *See Jimenez v. City of New York*, No. 18-CV-07273, 2020 WL 1467371, at *3 (S.D.N.Y. Mar. 26, 2020) ("Plaintiff must plead allegations that 'the government body *itself* subjects a person to a deprivation of rights or causes a person to be subjected to such deprivation.'" (quoting *Connick v. Thompson*, 563 U.S. 51, 60 (2011))). "[T]o prevail on a claim against a municipality under section 1983 based on acts of a public official, a plaintiff is required to prove: (1) actions taken under color of law; (2) deprivation of a constitutional or statutory right;

(3) causation; (4) damages; and (5) that an official policy of the municipality caused the injury." *Triano v. Town of Harrison, New York*, 895 F. Supp. 2d 526, 531 (S.D.N.Y. 2012) (quoting *Roe v. City of Waterbury*, 542 F.3d 31, 36 (2d Cir. 2008)). Such a claim "cannot lie in the absence of an underlying constitutional violation." *Galgano v. Cnty. of Putnam*, No. 16-CV-03572, 2020 WL 3618512, at *9 (S.D.N.Y. July 2, 2020) (quoting *DeRaffele v. City of New Rochelle*, No. 15-CV-00282, 2017 WL 2560008, at *6 (S.D.N.Y. June 13, 2017)).

Because Plaintiff fails to plausibly allege a violation of a constitutional right, any *Monell* claim must be dismissed. *See Schultz v. Inc. Vill. of Bellport*, 479 F. App'x 358, 360 (2d Cir. 2012) ("Because [the plaintiff] was unable to establish an underlying violation of his constitutional rights . . . his . . . *Monell* claim necessarily fail[s] as well."); *Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006) ("Because the district court properly found no underlying constitutional violation, its decision not to address the municipal defendants' liability under *Monell* was entirely correct."). In addition, Plaintiff has not alleged any municipal custom or policy that was violated here; and that failure is likewise fatal to a *Monell* claim. *See, e.g.*, *Williams v. Fryermuth*, No. 23-CV-02156, 2024 WL 4557444, at *5 (S.D.N.Y. Oct. 23, 2024).

Moreover, because Plaintiff fails to plausibly allege his *Monell* claim, his official capacity claims against Defendant Williams are dismissed. *See Carambot v. New York City Health & Hosps. Corp.*, No. 24-CV-00841, 2025 WL 753893, at *9 (S.D.N.Y. Mar. 10, 2025) ("[Because the plaintiff] has not adequately pleaded a *Monell* claim for municipal liability[,] [h]er Section 1983 claims against . . . the individual Defendants in their official capacities must be dismissed."); *Simms v. De Paolis*, No. 99-CV-02776, 2000 WL 1134564, at *4 (S.D.N.Y. Aug. 9, 2000) ("Failure to establish municipal liability results in dismissal of Plaintiff's claims against the individual defendants in their official capacities.").

III.   State Law Claims for Relief

Examining the Amended Complaint with the liberality required of *pro se* pleadings, the Court has construed the pleading as also asserting claims for common-law assault, battery, and negligence under New York state law against Defendant Williams in his individual capacity. Although Defendants do not discuss Plaintiff's state-law claims in their motion papers, the Court may, and will, examine these claims *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding IFP. *See Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1725 (2020) (explaining that Section 1915(e)(2)(B) "enabl[es] courts to dismiss *sua sponte* certain prisoner suits" for, among other reasons, "fail[ure] to state a claim" (second alteration in the original)); *Smolen v. Nevins*, No. 17-CV-07494, 2019 WL 339637, at *5 (S.D.N.Y. Jan. 28, 2019) ("Although defendants do not address this claim, the Court sua sponte dismisses plaintiff's access to the courts claim against [defendants] . . . pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim."); *Gomez-Kadawid v. Lee*, No. 20-CV-01786, 2022 WL 676096, at *7 (S.D.N.Y. Feb. 3, 2022) ("Although Defendants have not addressed this claim in their motion, the Court [] nonetheless ha[s] the authority to dismiss the claim *sua sponte*, if it fails to state a claim on which relief may be granted[.] (citing 28 U.S.C. §§ 1915(e)(2)(B)(ii))), *adopted by*, 2022 WL 558125 (S.D.N.Y. Feb. 24, 2022).

The Court will first determine if it has jurisdiction over Plaintiff's state-law claims and then turn to the merits.

A. Jurisdiction

Because the Court dismissed Plaintiff's federal claims, *supra*, Plaintiff must establish diversity jurisdiction. *See* 28 U.S.C. § 1332(a).

"The [federal] district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is

9

between . . . citizens of different States." *Id.* "The general rule requiring complete diversity between opposing parties is explicit and unequivocal." *Int'l Shipping Co., S.A. v. Hydra Offshore, Inc.*, 875 F.2d 388, 391 (2d Cir. 1989). "A case falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, i.e., only if there is no plaintiff and no defendant who are citizens of the same State." *Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998); *see also Herrick Co. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322 (2d Cir. 2001) (observing "that diversity jurisdiction is available only when all adverse parties to a litigation are completely diverse in their citizenships"); *Cohen v. Stevanovich*, 722 F. Supp. 2d 416, 436 (S.D.N.Y. 2010) ("Where any plaintiff is a citizen of the same state as any defendant, diversity jurisdiction is defeated."). "Complete diversity must be apparent from the pleadings." *Alston v. Stone*, No. 02-CV-05338, 2005 WL 668395, at *3 (S.D.N.Y. Mar. 21, 2005).

"An individual's citizenship, within the meaning of the diversity statute, is determined by his domicile." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000). "Domicile is the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Id.* "[A] corporate defendant, for diversity purposes, is deemed to be a citizen of the state in which it is incorporated and where its principal place of business is located." *Jenkins v. Virgin Atl. Airways, Ltd.*, 46 F. Supp. 2d 271, 273 (S.D.N.Y. 1999).

Chief Judge Swain held that Plaintiff failed to establish diversity jurisdiction because (i) he failed to specify his own and Defendant William's state citizenship; and (ii) he only sought $50,000 in compensatory damages and $1.00 in nominal damages. (Prior Order at 11-12 (citing Doc. 1 at 2)). Plaintiff cured both pleading defects in the Amended Complaint. He now pleads all the parties' citizenships: Plaintiff is domiciled in Kearny, New Jersey; Defendant Williams is domiciled in Valhalla, New York; and Westchester County, a municipal corporation, is domiciled

in New York. (Am. Compl. at 3-4). Given this amended pleading, complete diversity exists. Moreover, Plaintiff now seeks $100,000 in compensatory damages, exceeding the amount-in-controversy requirement. (*Id.* at 6).

Accordingly, the Court has subject matter jurisdiction over Plaintiff's state-law claims.

B. <u>Merits</u>

Plaintiff, however, fails to sufficiently plead his assault, battery, or negligence claims. "In New York, an assault is an intentional placing of another person in fear of imminent harmful or offensive contact. A battery is an intentional wrongful physical contact with another person without consent." *Chamberlain v. City of White Plains*, 986 F. Supp. 2d 363, 398 (S.D.N.Y. 2013) (cleaned up; quoting *United Nat'l Ins. Co. v. Waterfront N.Y. Realty Corp.*, 994 F.2d 105, 108 (2d Cir. 1993)). As explained *supra*, Plaintiff's allegations do not allow the Court to plausibly infer that Defendant Williams intentionally closed the port door on Plaintiff's hands. *Cf. Basora v. City of Poughkeepsie*, No. 22-CV-03300, 2025 WL 50322, at *3 n.5 (S.D.N.Y. Jan. 8, 2025) ("[T]he elements of a Section 1983 excessive force claim and state law assault and battery claims are substantially identical."). Plaintiff thus cannot maintain either an assault or battery claim.

With respect to Plaintiff's negligence claim, "[i]t is well-settled that when a plaintiff asserts excessive force and assault claims which are premised upon defendants' allegedly intentional conduct, a negligence claim with respect to the same conduct will not lie." *Kosmidis v. Port Auth. of New York & New Jersey*, No. 18-CV-08413, 2021 WL 4442812, at *11 (S.D.N.Y. Sept. 28, 2021); *see also Mazurkiewicz v. New York City Transit Auth.*, 810 F. Supp. 563, 570–71 (S.D.N.Y. 1993) (holding that a "[p]laintiff cannot argue that defendants engaged in intentional conduct that forms the basis of an assault and § 1983 excessive force claim and also argue that defendants were negligent towards plaintiff"). Plaintiff explicitly alleges that Defendant Williams acted "[i]ntentionally" in closing the port door on his hand—the sole basis for Plaintiff's action. (Am.

11

Compl. at 7). Moreover, New York state law does not allow plaintiffs to plead negligence in the alternative where, like here, "the conduct alleged, if true, may only give rise to liability for an intentional act." *Bah v. City of New York*, No. 13-CV-06690, 2014 WL 1760063, at *13 (S.D.N.Y. May 1, 2014); *see also Dineen ex rel. Dineen v. Stramka*, 228 F. Supp. 2d 447, 454 (S.D.N.Y. 2002) ("Since plaintiff's claims against defendant are premised on intentional conduct, [the] claim for negligence must be dismissed."); *Trayvilla v. Japan Airlines*, 178 A.D.3d 746, 747 (2d Dep't 2019) ("[T]he causes of action that were denominated as claims to recover damages for negligent infliction of emotional distress and negligence were premised only on allegations of intentional conduct, which cannot form the basis of a cause of action sounding in negligence[.]"). As a result, Plaintiff cannot maintain his negligence claim.

Accordingly, Plaintiff's state law claims are dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

IV. Leave to Amend

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

On February 29, 2024, Chief Judge Swain granted Plaintiff leave to amend his complaint to address deficiencies in his original pleading, providing Plaintiff with specific instructions. (*See generally* Prior Order). Comparing Plaintiff's Complaint to the Amended Complaint, the Court finds only slight substantive differences between the pleadings. Plaintiff's few new allegations are insufficient to cure the prior deficiencies. As Chief Judge Swain already granted Plaintiff the opportunity to correct this deficiency and Plaintiff declined to do so, the Court perceives no need to grant Plaintiff another opportunity to amend. *See, e.g.*, *Andrews v. Officer From Sullivan Corr. Facility*, No. 21-CV-10518, 2022 WL 1597695, at *3 (S.D.N.Y. May 19, 2022) (denying leave to

amend when the *pro se* plaintiff had already been given an opportunity to amend and correct deficiencies in the original pleading).

Accordingly, Plaintiff's federal and state-law claims against Westchester County and C.O. Williams are dismissed with prejudice and leave to amend is denied.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED.

The Court dismisses the amended complaint for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is respectfully requested to (i) terminate the pending motion sequence (Doc. 18); (ii) mail a copy of this Opinion and Order to Plaintiff; and (iii) close this case.

**SO ORDERED.**

Dated:   White Plains, New York
         June 12, 2025

_____
PHILIP M. HALPERN
United States District Judge